UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CRESCENT PETROLEUM COMPANY
INTERNATIONAL LIMITED and
CRESCENT GAS CORPORATION
LIMITED,

                        Petitioners,

            v.

NATIONAL IRANIAN OIL COMPANY,
Hafez Crossing
Taleghani Avenue
P.O. Box 1863
Tehran, Iran

                        Respondent.

Case No. 1:22-cv-01361-JMC

**MOTION AND MEMORANDUM FOR ORDER APPROVING
ALTERNATIVE SERVICE OF PROCESS PURSUANT TO 28 U.S.C. 1608(b)(3)(C)**

Petitioners Crescent Petroleum Company International Limited and Crescent Gas Corporation Limited (together, "**Crescent**" or the "**Petitioners**") respectfully submit this motion and memorandum for an order approving alternative service of process on Respondent National Iranian Oil Company ("**NIOC**") pursuant to Section 1608(b)(3)(C) of the Foreign Sovereign Immunities Act ("**FSIA**").  Because Petitioners have not been able to complete service under Sections 1608(b)(1) and (2) of the FSIA, Petitioners request that the Court authorize it to effectuate service upon NIOC via one or both of the following methods: (1) email service on officials of NIOC, (2) email service on NIOC's counsel.  Petitioners further request that the Court give retroactive effect to its prior service via email, but in the event that the Court grants Petitioners' motion with only prospective effect, they will expeditiously serve NIOC again via email.

1

**BACKGROUND**

Petitioners filed the Petition to confirm an arbitration award (the "**Award**") against NIOC on May 16, 2022.  Dkt. 6-1.  The Award was issued in connection with NIOC's failure to fulfill its obligations in a Gas Sales and Purchase Contract ("**GSPC**") between NIOC and Petitioners.  The Clerk of Court issued the summons on NIOC on May 18, 2022.  Dkt. 7.  Since that time, Petitioners have made diligent efforts and explored all available avenues to effectuate service on NIOC in accordance with the terms of the GSPC and the FSIA.

On June 8, 2022, Petitioners dispatched via DHL a package containing a copy of the summons, the Petition, the memorandum in support of the Petition, and other case-initiating documents (the "**Service Documents**") to NIOC in Iran at Taleghani Avenue, P.O. Box 1863, Tehran in accordance with Section 1608(b)(1).[1]  Declaration of Debra O'Gorman (the "O'Gorman Decl.," and the exhibits thereto "Ex._"), Ex. A.  This method of service was utilized because pursuant to Article 21 of the GSPC, "[a]ny notice . . . provided for herein . . .shall be considered duly delivered five (5) days *after dispatching by international courier* addressed to" NIOC at the specified address under the GSPC.  Dkt. 6-1 at 17 n.6 (emphasis added).  The GSPC further sets out NIOC's address for purposes of notice delivery to be: Taleghani Avenue, Tehran, I.R. of Iran, P.O. Box 1863.  DHL was selected as the international courier because it has historically provided delivery service in Iran and has been utilized to make delivery of documents in past cases against Iran (O'Gorman Decl. ¶ 3), but DHL was ultimately unable to deliver the package and the package

---

[1] The delay between the issuance of the summons and the commencement of service was occasioned by DHL's request for additional information and assurances regarding the contents of the package to be dispatched in light of sanctions related to Iran.  O'Gorman Decl. ¶ 3.

was returned to the sender on June 9, 2022. Ex. A (showing package "[r]eturned to shipper" on June 9, 2022).

On June 9, 2022, Petitioners made another attempt to deliver the service package dispatching via the Turkish national postal service, Posta ve Telgraf Teşkilatı ("**PTT**") a package containing the same documents to NIOC in Iran at Taleghani Avenue, P.O. Box 1863, Tehran. Ex. B. This method was attempted because the Turkish postal service typically provides delivery to Iran. O'Gorman Decl. ¶ 4. PTT attempted and was unable to deliver the package at this address. *Id*. (showing "[u]nsuccessful item delivery attempt" on July 14, 2022).

Also, on June 9, 2022, Petitioners dispatched via the United States Postal Service ("**USPS**") a package containing the same documents to NIOC in Tehran at Taleghani Avenue, P.O. Box 1863. Ex. C. Again, USPS attempted and was unable to deliver the package at this address. *Id*. (showing "item could not be delivered on June 28, 2022 . . . "). No further delivery attempts have been documented by the USPS since that time. This package remains in the possession of the USPS, but it is not at all clear whether the USPS will make further delivery attempts.

On July 12, 2022, in order to ensure that NIOC received prompt notice of the proceeding, counsel for the Petitioners delivered via email electronic copies of the summons, the Petition, the memorandum in support of the Petition, and other case-initiating documents to officials at NIOC, including its Director of Legal Affairs, as well as counsel for NIOC at Eversheds Sutherland (International) LLP, Peter and Kim, Quadrant Chambers who continue to represent NIOC in the arbitration proceeding on which the Award is based (as well as a separate pending arbitration proceeding related to additional damages due to Crescent pursuant to the GSPC.[2]). Ex. D at 1

---

[2] The Award grants damages to Petitioners for the period from December 1, 2005 to July 31, 2014. The pending PCA arbitration seeks damages from that date to the termination of the contract.

3

(email from O'Gorman to Alikhani et al); Ex. E (email from counsel for NIOC at Eversheds requesting that the distribution list for "PCA Case No. 2009-20 - Crescent v. NIOC" be updated by "inserting the address of NIOC's new Director of Legal Affairs, Dr. Seyed Hojatollah Alamolhoda" which was provided as "h.alamolhoda@nioc.ir").

The NIOC officials and its counsel to whom email delivery was made are the same ones who are included in this current distribution list for the underlying arbitration. O'Gorman Decl. ¶ 7. Confirmation of delivery of this email was provided by Microsoft Outlook indicating that "delivery to these recipients . . . is complete." Ex. D at 2-10. Moreover, the email system of Eversheds Sutherland (International) LLP and Peter and Kim returned with read receipt indicating that counsel for NIOC at these law firms have received and read the email content. Ex. D at 11.

To further ensure that NIOC received actual notice of this proceeding, Crescent also arranged for delivery at NIOC's branch offices in London and the Netherlands. On August 2, 2022, delivery of the Service Documents was made at NIOC House, 4 Victoria Street, London, SW1H 0NE and signed for by a receptionist at that address. O'Gorman Decl. ¶ 9, Ex. F. On August 3, 2022, the summons and Petition was left in the mailbox at National Iranian Oil Company Nederland, Blaak 512, 3011TA, Rotterdam, The Netherlands.[3] O'Gorman Decl. ¶ 9, Ex. G.

## ARGUMENT

NIOC is an agency or instrumentality of Iran.[4] Therefore, pursuant to Rule 4 of the Federal Rules of Civil Procedure, NIOC must be served in accordance with 28 U.S.C. § 1608.

---

[3] The entire package of the Service Documents could not be left due to the small size of the mailbox at this location. O'Gorman Decl. ¶ 9.

[4] *See Holladay v Islamic Republic of Iran*, 523 F. Supp. 3d 100, 111 (D.D.C. 2021) ("The Court therefore concludes that NIOC is an agency or instrumentality of Iran . . . "); *Est. of Fishbeck v. Islamic Republic of Iran*, 2021 WL 6808189, at *3 (D.D.C. Mar. 1, 2021) (same).

Section 1608(b), in turn, provides methods of service on "an agency or instrumentality of a foreign state" in a hierarchical manner requiring that each listed method first be attempted before moving to the next.  ***First***, service may be effectuated "in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality."  28 U.S.C. § 1608(b)(1). ***Second***, absent such a special arrangement, delivery may be made "either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States" or "in accordance with an applicable international convention on service of judicial documents."  28 U.S.C. § 1608(b)(2).  ***Third***, if service cannot be made under §§ 1608(b)(1) and (2), the agency or instrumentality maybe served via letters rogatory or request, by "any form of mailing requiring a signed receipt [] to be addressed and dispatched by the clerk of court," or "as directed by order of the court consistent with the law of the place where service is to be made," so long as the method "is reasonably calculated to give actual notice" to the agency or instrumentality.  28 U.S.C. § 1608(b)(3).

Alternative methods of service under section 1608(b)(3) should be analyzed under the statutory actual notice standard.  "[S]ection 1608(b) may be satisfied by technically faulty service that gives adequate notice to the foreign state." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 153 (D.C. Cir. 1994).  The standard for "reasonably calculated to give actual notice" is forgiving and substantial compliance with the statutory scheme is all that is required.  *See, e.g.*, *Transaero,* 30 F.3d at 154; *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 268-69 (D.D.C. 2011) ("the 'substantial compliance' test applicable to § 1608(b) service 'is devoted to common sense realism: a party can give 'technically faulty' service under section 1608(b), as long as the intended party for service in fact received actual notice of the lawsuit.  The test rejects formalism'"); *Magness v. Russian Fed'n*, 247 F.3d 609, 616 (5th Cir. 2001) (holding

5

"in accord with the Third, Sixth, Ninth, Eleventh, and D.C. Circuits" that "substantial compliance with section 1608(b) is sufficient so long as the defendants have actual notice of the suit").

To the best of their ability, Petitioners have followed the statutory procedures under the FSIA to effectuate service in accordance with the GSPC, which specially provides for notice to be given through dispatching by international courier addressed to the specified address provided in the GSPC. Despite diligent efforts, service cannot be made under this method, and therefore cannot be made under Section 1608(b)(1), as neither DHL nor the USPS or the Turkish postal service was able to deliver the service documents to NIOC in Iran and no other courier or postal service providing delivery in Iran has been identified. O'Gorman Decl. ¶¶ 3-5, 10. Service under Section 1608(b)(2) is also not feasible because Iran is not a party to the Hague Service Convention,[5] and there is no other applicable international convention for service in Iran. Moreover, the method of service under Section 1608(b)(3)(B) is likely not viable because delivery attempts via DHL, the USPS, and the Turkish postal have already failed and there is no reason to expect that a mailing by the clerk using these same methods will be successful. *See* 28 U.S.C. § 1608(b)(3)(B) (permitting service "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality").

Petitioners have made diligent efforts to accomplish service in a timely fashion to apprise NIOC of this action in light of the lack of formal diplomatic relations between Iran and the US, the sanctions restrictions on Iran imposed by the US, and further traveling and mailing restrictions due to COVID-19. In cases where physical delivery in accordance with Section 1608 was proven

---

[5] U.S. Hague Convention Treaty Partners, U.S. DEPARTMENT OF STATE – BUREAU OF CONSULAR AFFAIRS (July 30, 2022, 3:07 PM), https://travel.state.gov/content/travel/en/International-Parental-Child-Abduction/abductions/hague-abduction-country-list.html.

to be impractical, courts commonly authorize alternative methods of service by electronic means such as via email.  *See*, *e.g. UAB Skyroad Leasing v. OJSC Tajik Air*, 1:20-cv-00763-APM, Dkt. 8 (D.D.C.) (granting motion request for method of serving respondent via methods including email under Section 1608(b)); *New England Merch. Nat'l Bank v. Iran Power Generation and Transmission Co.*, 495 F. Supp. 73, 78-80 & n.2 (S.D.N.Y. 1980) (authorizing service via telex on Iranian entity under section 1608(b)); *Int'l Schs. Serv. v. Gov't of Iran*, 505 F. Supp. 178, 179 (D.N.J. 1981) (same); *In re Terrorist Attacks on Sept. 11, 2001*, 2022 WL 1088567, at *7 (S.D.N.Y. Apr. 5, 2022) (recognizing "an array of service methods" such as "email and social media" as "comparable methods [] permissible under § 1608(b)(3) and Rule 4").

Moreover, Petitioners' July 12, 2022 email was "reasonably calculated to give actual notice" to NIOC because the email was successfully delivered to NIOC's officials and outside counsel who routinely receive email distributions for a related arbitration proceeding, including its Director of Legal Affairs.  Crescent has taken the additional step of delivering the Service Documents to NIOC branch offices in London and Rotterdam.  O'Gorman Decl. ¶ 9.  Furthermore, this action has garnered attention in the international press and it is inconceivable that NIOC and its counsel are unaware of the pendency of action from these public sources.  O'Gorman Decl. ¶ 11; Ex. I.

Retroactive authorization of alternative methods of service comports with the mandate of Rule 1 of the Federal Rules of Civil Procedure that the Rules "should be construed and administered . . . to secure the just, speedy, and inexpensive determination of every action and proceeding"; otherwise, if the Court grants Petitioners' request without retroactive effect, Petitioners would be required "to undertake the entirely redundant act of re-serving [NIOC] in the same manner already undertaken." *Marks v. Alfa Grp.*, 615 F. Supp. 2d 375, 380 (E.D. Pa. 2009);

7

*see also Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co.*, 2005 WL 1123755, at *5 (S.D.N.Y. May 11, 2005) (declaring alternative methods of service valid *nunc pro tunc*).[6]

      Petitioners respectfully request that the Court grant their motion for alternative methods of service and find that Petitioner's July 12, 2022 email notice upon officials at NIOC and counsel for NIOC at Eversheds Sutherland (International) LLP, Peter and Kim, and Quadrant Chambers was in compliance with section 1608(b)(3)(C) of the FSIA.  In the alternative, Petitioners request that the Court approve email delivery of the Service Documents as valid service so that Petitioner can commence renewed efforts to make email delivery.

---

[6] Nevertheless, if the Court grants Petitioners' motion with only prospective effect, Petitioners will expeditiously serve NIOC again via email in accordance to the Court's order.

Dated: August 8, 2022

                              Respectfully submitted,

                              QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____
      Dennis H. Hranitzky

         2755 E. Cottonwood Parkway, Suite 430
         Salt Lake City, UT 84121
         801-505-7300 Main Office Number
         801-515-7400 FAX

      Debra O'Gorman
      Yvonne Yi Zhang

         51 Madison Avenue, 22nd Floor
         New York, NY 10010
         212-849-7000 Main Office Number
         212-849-7100 FAX

*Attorneys for Petitioners Crescent Petroleum Company International Limited and Crescent Gas Corporation Limited*