UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CRESCENT PETROLEUM COMPANY INTERNATIONAL LIMITED and CRESCENT GAS CORPORATION LIMITED,<br><br>Petitioners,<br><br>v.<br><br>NATIONAL IRANIAN OIL COMPANY,<br>Hafez Crossing<br>Taleghani Avenue<br>P.O. Box 1863<br>Tehran, Iran<br><br>Respondent. | Case No. 1:22-cv-01361-JMC |

### DECLARATION OF DEBRA O'GORMAN

Pursuant to 28 U.S.C. § 1746, I, Debra O'Gorman, hereby declare under penalty of perjury as follows:

1. I am Of Counsel with the law firm Quinn Emanuel Urquhart & Sullivan LLP, counsel for Petitioners Crescent Petroleum Company International Limited and Crescent Gas Corporation Limited (together, "**Crescent**" or "**Petitioners**") in the above-captioned action, and respectfully submit this Declaration in support of Petitioners' motion for an order approving alternative methods of service upon Respondent National Iranian Oil Company ("**NIOC**" or "**Respondent**") pursuant to Section 1608(b)(3)(C) of the Foreign Sovereign Immunities Act ("**FSIA**").

1

2. On May 16, 2022, Petitioners filed the Petition to confirm and enforce an arbitration award (the "**Award**") against NIOC under the Federal Arbitration Act and the New York Convention (the "**Petition**"). The Award was issued in connection with NIOC's failure to fulfill its obligations in a Gas Sales and Purchase Contract ("**GSPC**") between NIOC and Petitioners. The Clerk of Court issued the summons on NIOC on May 18, 2022. Dkt. 7.

3. On June 8, 2022, Petitioners attempted service on NIOC by dispatching via DHL a package containing a copy of the summons, the Petition, the memorandum in support of the Petition, and other case-initiating documents (the "**Service Documents**") to NIOC in Iran at Taleghani Avenue, P.O. Box 1863, Tehran, in accordance with Article 21 of the GSPC. Article 21 provides that "[a]ny notice . . . provided for herein . . .shall be considered duly delivered five (5) days *after dispatching by international courier* addressed to" NIOC at the aforementioned address in Tehran, Iran. Dkt. 6-1 at 17 n.6 (emphasis added); Dkt. 1-6 (GSPC), article 21. Petitioners specifically selected DHL as the international courier because DHL has historically provided delivery service in Iran and, based on the review of case dockets, has been a service method utilized in past cases against Iran. The delay between the issuance of the summons and the commencement of service was occasioned by DHL's request for additional information and assurances regarding the contents of the package to be dispatched in light of the sanctions related to Iran. DHL was ultimately unable to deliver the package to Iran and the package was returned to the sender on June 9, 2022. Attached hereto as **Exhibit A** is a true and correct copy of the return message Petitioners received from DHL on June 9, 2022.

4. On June 9, 2022, Petitioners made another attempt to deliver the Service Documents via the Turkish national postal service, Posta ve Telgraf Teşkilatı ("**PTT**") to NIOC in Iran at the same address, Taleghani Avenue, P.O. Box 1863, Tehran. This method was attempted

because I have been informed that the Turkish postal service typically provides delivery to addressees in Iran.  PTT attempted and was unable to deliver the package at this address on July 14, 2022.  Attached hereto as **Exhibit B** is a true and correct copy of the tracking history of the PPT package retrieved from PPT's website.

5. On June 9, 2022, Petitioners dispatched another package containing the Service Documents via the United States Postal Service ("**USPS**") to NIOC at Taleghani Avenue, P.O. Box 1863, Tehran.  The USPS attempted and was unable to deliver the package at this address on June 28, 2022.  No further attempts to make delivery appear to have been made.  The package containing the service documents remains in the possession of the USPS, but it is unclear at this point whether the USPS will make additional delivery attempts.  Attached hereto as **Exhibit C** is a true and correct copy of the tracking history of the USPS package retrieved from the USPS' website.  I have been unable to identify any other international courier or postal service that can provide physical delivery to an address in Iran.

6. On July 12, 2022, in order to ensure that NIOC received prompt notice of the proceeding, I personally delivered via email electronic copies of the Service Documents to officials at NIOC, including its Director of Legal Affairs Dr. Alamolhoda, as well as counsel for NIOC at Eversheds Sutherland (International) LLP, Peter and Kim, Quadrant Chambers who continue to represent NIOC in the arbitration proceeding administered by the Permanent Court of Arbitration ("**PCA**") on which the Award is based (as well as a separate pending arbitration proceeding also before the PCA related to additional damages due to Petitioners pursuant to the GSPC[1]).  Attached

---

[1] The Award grants damages to Crescent for the period from December 1, 2005 to July 31, 2014.  The separate pending arbitration seeks damages from that date to the termination of the contract.

hereto **Exhibit D** is a true and correct copy of the email I sent to officials at and counsel for NIOC forwarding the Service Documents and the completion of delivery and read receipts.

7. I understand the recipients' email addresses I used to deliver the July 12, 2022 email are in active use and thus the email sent on July 12 provided NIOC with actual notice of this confirmation proceeding. The majority of the recipients of my July 12 email are the individuals on the current email distribution list for the PCA proceeding. For example, on December 29, 2021, NIOC's counsel in the PCA proceeding sent an email to the arbitration participants requesting that the distribution list for "PCA Case No. 2009-20 - Crescent v. NIOC" be updated by "inserting the address of NIOC's new Director of Legal Affairs, Dr. Seyed Hojatollah Alamolhoda" which was provided as "h.alamolhoda@nioc.ir." Attached hereto as **Exhibit E** is a true and correct copy of this December 29, 2021 email. In that same email, several other individuals at NIOC were copied (hashemi@nioc.ir and z.ejehi@nioc.ir) as well as NIOC's counsel at Eversheds Sutherland (International) LLP, Peter and Kim, and Quadrant Chambers, indicating that these are the proper individuals to receive notice relating to the arbitration case on which the Award is based.

8. I received confirmation of delivery from Microsoft Outlook indicating that delivery to the email recipients at NIOC, as well as Eversheds Sutherland (International) LLP, Peter and Kim, and Quadrant Chambers were completed. Ex. D at 11. I also received read receipts from Eversheds and Peter and Kim indicating that counsel at these law firms have received and read the email content. Ex. D at 2-10. I have not received any other response to my email and neither NIOC nor its counsel have acknowledged that service has been made as a result of the email delivery of the Service Documents.

9. To further ensure that NIOC received actual notice of this proceeding, Petitioners also arranged for delivery of the Service Documents to be made at NIOC's location in London and

the office of its subsidiary in the Netherlands.  On August 2, 2022, delivery of the Service Documents was made at NIOC House, 4 Victoria Street, London, SW1H 0NE and signed for by a receptionist at that address.  Attached hereto as **Exhibit F** is a true and correct copy of the proof of delivery from the courier, Addison Lee, confirming delivery at NIOC House on August 2, 2022. On August 4, 2022, delivery of the summons and the Petition was left in the mailbox at National Iranian Oil Company Nederland, Blaak 512, 3011TA, Rotterdam, The Netherlands.[2]  Attached hereto as **Exhibit G** is a true and correct copy of an email from the courier Ster Express B.V. confirming delivery of the summons and the Petition on August 4, 2022.

10. Petitioners also contacted Ancillary Legal Corporation ("**Ancillary Legal**"), a vendor specializing in worldwide legal service, who relayed on June 22, 2022 that service in Iran is only accepted *via* email.  Attached hereto as **Exhibit H** is a true an correct copy of the email correspondence with Ancillary Legal.

11. In addition to the above, the pendency of the above-captioned action has been widely reported in the international press and it is inconceivable that NIOC and its counsel are not aware of this action.  Attached hereto as **Exhibit I** are true and correct copies of articles from Law 360, Offshore Alert and Global Arbitration Review reporting on the pendency of action.

12. Accordingly, Petitioners request that the Court either (1) endorse the previously made email delivery as valid service or (2) permit Petitioners to make service on NIOC via email.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

---

[2] The courier could not leave the entire package of the Service Documents in the mailbox at this location due to the small size of the mailbox.

Executed on August 8, 2022, in Riverhead, New York.

*Debra O'Gorman* (signature)

_____
Debra O'Gorman
