# EXHIBIT B

Een conversatie met **Boon, M.J. (Hof Den Haag) <m.boon@rechtspraak.nl>**, Griffie Handel (Hof Den Haag) <hofdenhaag.griffie.handel@rechtspraak.nl>, Mw. mr. A. Taheri-Bhajan <info@advocatenkantoorbhajan.nl>, Niek Peters <niek.peters@legaltree.nl>, mr. M. Taheri - International Law FIrm Taheri <taheri@lawfirmtaheri.com>

Bericht door Boon, M.J. (Hof Den Haag) <m.boon@rechtspraak.nl> op 24-8-2023 11:29

Geachte mr. Taheri-Bhajan, geachte mr. Peters,

Het hof ontving de volgende berichten:

- de email van mr. Taheri-Bhajan van 21 augustus jl. waarin zij verzoekt om een aanhouding van de procedure van tenminste drie maanden;
- de email van mr. Peters van 22 augustus jl. waarin hij bezwaar maakt tegen uitstel van de zitting;
- de email van mr. M. Taheri van 22 augustus jl. waarin hij ingaat op de email van mr. Peters van dezelfde datum;
- de email van mr. Taheri-Bhajan van 23 augustus 2023 waarin zij op verzoek van het hof toelicht wanneer zij bij de zaak betrokken is geraakt;
- de email van mr. Peters van 23 augustus 2023 waarin hij reageert op de email van mr. Taheri-Bhajan van dezelfde datum;
- de email van mr. M. Taheri van 23 augustus jl. waarin hij ingaat op de email van mr. Peters van dezelfde datum.

Het hof heeft besloten om de zitting doorgang te laten vinden op 1 september a.s.. Het hof heeft deze zittingsdatum zeer ruim van tevoren aangekondigd. De door mr. Taheri-Bhajan in haar email van 21 augustus jl. beschreven moeilijkheden die NIOC heeft gehad om een nieuwe advocaat te vinden komen naar het oordeel van het hof voor risico van NIOC, in het bijzonder de omstandigheid dat – kennelijk – goedkeuring nodig is van het Bureau of International Legal Services of the Islamic Republic of Iran (of het "Center for International Legal Affairs (CILA)"). Uit de emailberichten van de zijde van NIOC blijkt ook niet dat de tussenkomst van de deken is verzocht, zoals het hof had aangeraden. Het hof twijfelt niet aan de juistheid van de mededelingen van mr. Taheri-Bhajan over het moment dat zij formeel mandaat heeft gekregen om voor NIOC op te treden. Het feit dat mr. M. Taheri en mr. Taheri-Bhajan eerder zijdelings bij de kwestie betrokken waren (kennelijk naar aanleiding van de executieverkoop van het pand van NIOC in Rotterdam, waarbij mr. M. Taheri heeft bevestigd dat NIOC International een separaat directoraat zonder rechtspersoonlijkheid is van NIOC) maakt wel dat het feit dat zij niet eerder formeel werden aangesteld geen grond voor nader uitstel kan zijn. Dat mr. Taheri-Bhajan kennelijk tot op heden niet beschikt over het dossier vormt evenmin reden voor uitstel, te minder gezien het aanbod van mr. Peters om het dossier omgaand ter beschikking te stellen.

Het hof wijst er verder op dat CGC c.s. met juistheid hebben gesteld dat de mondelinge behandeling in hoger beroep, met het oog op de twee-conclusie regel, niet kan worden benut voor het inbrengen van geheel nieuwe argumenten.

Hoogachtend,

mr. M.J. (Miranda) Boon
06-46244725

Veilig verstuurd via Zivver
**Bekijk in de Zivver-app**

*Unofficial machine translation*

----
Dear Mr. Taheri-Bhajan, Dear Mr. Peters,

The court received the following messages:

Mr. Taheri-Bhajan's email of August 21 in which she requests a stay of proceedings of at least three months;
the email from Mr. Peters dated August 22 in which he objects to the postponement of the hearing;
Mr. M. Taheri's email of August 22 in which he responds to Mr. Peters' email of the same date;
the email from mr. Taheri-Bhajan dated August 23, 2023 in which she explains at the request of the court when she became involved in the case;
Mr. Peters' email dated August 23, 2023 responding to Mr. Taheri-Bhajan's email of the same date;
Mr. M. Taheri's email dated August 23 in which he responds to Mr. Peters' email of the same date.

The court has decided to proceed with the hearing on September 1. The court announced this hearing date very well in advance. The difficulties NIOC has had in finding a new lawyer, as described by Ms. Taheri-Bhajan in her email of August 21, are, in the opinion of the court, at NIOC's risk, especially the circumstance that - apparently - approval is needed from the Bureau of International Legal Services of the Islamic Republic of Iran (or the "Center for International Legal Affairs (CILA)"). The email messages from NIOC's side also do not show that the intervention of the dean was requested, as the court had recommended. The court does not doubt the accuracy of Ms. Taheri-Bhajan's communications as to when she was formally mandated to act for NIOC. The fact that Mr. M. Taheri and Mr. Taheri-Bhajan had previously been indirectly involved in the matter (apparently in connection with the foreclosure sale of NIOC's premises in Rotterdam, at which Mr. M. Taheri confirmed that NIOC International is a separate directorate without legal personality from NIOC) does mean that the fact that they were not formally appointed earlier cannot be a ground for further delay. The fact that Mr. Taheri-Bhajan apparently does not have the file at his disposal until today does not constitute a reason for postponement either, especially in view of Mr. Peters' offer to make the file available immediately.
The Court further points out that CGC et al. have correctly argued that in view of the two-submissions rule, the oral hearing on appeal cannot be used to introduce completely new arguments.

Yours faithfully,

----