UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CRESCENT PETROLEUM CORPORATION INTERNATIONAL LIMITED AND CRESCENT GAS CORPORATION LIMITED<br><br>Petitioner,<br><br>v.<br><br>NATIONAL IRANIAN OIL COMPANY,<br><br>Respondent. | Civil Action No.: 1:22-01361-JMC<br><br>PROTECTIVE AGREEMENT AND ORDER |

WHEREAS, Petitioner Crescent Petroleum Corporation International Limited and Crescent Gas Corporation Limited ("Petitioner") served a subpoena duces tecum on non-party Citibank in this action (the "Action"); and

WHEREAS, the Subpoena calls for the production of documents in Citibank's possession containing information that includes confidential information; and

WHEREAS, compliance with the Subpoena will take place in New York;

IT IS HEREBY STIPULATED AND AGREED by and between Petitioner and Citibank, by and through their respective undersigned counsel, as follows:

1. This Protective Agreement and Order applies to "Confidential Information," as defined below, produced or otherwise disclosed by Citibank to Petitioner in response to the Subpoena and to any future subpoena that Petitioner may serve on Citibank in connection with the Action.

2. The term "Confidential Information" as used in this Protective Agreement and Order means any record, spreadsheet, or other document produced by Citibank in response to

the Subpoena that Citibank, after reviewing such record, spreadsheet or other document, reasonably and in good faith believe constitutes or reveals: (i) confidential trade secrets, proprietary business information, non-public personal, client, or customer information concerning individuals or other entities or items; or (ii) information protected from disclosure by any relevant federal, state or foreign data-protection laws. "Confidential Information" as used in this Protective Agreement and Order shall not include information derived exclusively from any public source, regardless of whether such information is duplicative of the information contained in the documents produced by Citibank. Citibank may designate any such record, spreadsheet, or other document for protection under the terms of this Protective Agreement and Order by affixing the term "CONFIDENTIAL" to each page that contains confidential material.

3. If Petitioner contends that materials designated by Citibank should not be deemed Confidential Information under this Protective Agreement and Order, it shall notify Citibank of its position within 14 days from the receipt of such designation. Upon Citibank's receipt of such notification, Petitioner and Citibank shall meet and confer within seven days to attempt to resolve the dispute by agreement. If Petitioner and Citibank are unable to resolve the dispute by agreement, they shall proceed under Rule 45 of the Federal Rules of Civil Procedure.

4. Petitioner shall not use or disclose the Confidential Information for any purpose other than (i) in proceedings to enforce Petitioner's Order and Judgment, or any amendment thereto, entered on April 30, 2024 against Respondent National Iranian Oil Company in the Action (the "Judgment"); (ii) in garnishment, execution or similar proceedings that Petitioner may commence in the future to enforce the Judgment; or (iii) in

any appeals of the foregoing proceedings (collectively, the "Judgment Enforcement Proceedings").

5. Documents produced by Citibank and designated Confidential may be filed with the Court in connection with any application, motion, hearing, trial or other proceeding in any Judgment Enforcement Proceeding, but only on the conditions that (i) confidential identifying information – *i.e.* account numbers, codes, social security numbers, taxpayer identification numbers, employer identification numbers, passwords and information that may be used for identity theft—and (ii) non-relevant information within a particular document designated as Confidential, such as wire information pertaining to non-relevant counterparties, be redacted from such documents, before they are filed, to the extent such information is not necessary to advance the purpose or objective of the filing. To the extent Petitioner intends publicly to file Confidential Information without redacting confidential identifying information, contending that such confidential identifying information is relevant or necessary, Petitioner shall contact Citibank's counsel and provide Citibank three business days to review the document(s) before the Confidential Information is filed. If Citibank notifies Petitioner's counsel of a dispute under this paragraph within that three business day period, Citibank shall have the right to apply to the Court, within five business days and before the Confidential Information is filed, for an order sealing or barring the public filing of the Confidential Information. Petitioner shall not file the Confidential Information until after the Court has ruled on any such application. Petitioner and Citibank agree to act in good faith to try to resolve any dispute under this paragraph without having to involve the Court.

6. Nothing in this Confidentiality Agreement will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful

subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request will provide written notice to the producing person at least 10 days before any disclosure or otherwise with as many days' notice as is permitted by the time allowed under the request.  Upon receiving such notice, Citibank shall have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

    7.    Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action and any Judgment Enforcement Proceedings:

    a.    Counsel who represent parties in the Action and Judgment Enforcement Proceedings, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Protective Agreement and Order, but only after such counsel have agreed to be bound by this Protective Agreement and Order;

    b.    Experts or consultants assisting counsel for those parties in the Action or any Judgment Enforcement Proceedings, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 8 below;

    c.    Potential, anticipated and actual witnesses, and their counsel, in the Action or any Judgment Enforcement Proceedings, but only after such witnesses have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 8 below;

      d.      The Court in the Action and the court in any Judgment Enforcement Proceedings; and

      e.      Court reporters employed in connection with the Action or any Judgment Enforcement Proceedings.

8. Before counsel may show or disclose Confidential Information pursuant to Section 7 to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Protective Agreement and Order and must sign the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order. Any disclosure of Confidential Information to witnesses, experts or consultants pursuant to Section 7 must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action or any Judgment Enforcement Proceedings.

9. The inadvertent disclosure by Citibank of any document or information subject to a claim of attorney-client privilege, attorney work-product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim, and Citibank shall have the right to have the document or information returned to its counsel. Nor shall this Protective Agreement and Order be construed as requiring Citibank, or its parent company or any of its branches or subsidiaries, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of any such law shall not be considered a waiver of Citibank's right to assert the privilege or other ground on which the document(s) or information in question should not have been disclosed, or of its right to a return of the document(s) or information.

10. The obligations under this Protective Agreement and Order shall survive the termination of the Action and of any Judgment Enforcement Proceedings and shall continue

to bind Petitioner, Citibank, and the parties to whom Confidential Information is disclosed and who become bound by this Protective Agreement and Order.

11. This Protective Agreement and Order shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York without giving effect to New York's conflict-of-law principles. Any motion or proceeding related in any way to this Protective Agreement and Order, or to any dispute as to Citibank's compliance with the Subpoena, shall be brought in the United States District Court for the Southern District of New York. The parties hereby irrevocably and unconditionally waive the right to contest personal jurisdiction or venue in the Southern District of New York.

12. Upon execution by the parties' respective counsel, and before being so-ordered by the Court, this Protective Agreement and Order shall be binding upon the parties and shall be deemed to have the same effect as a court order.

13. The parties may sign this Protective Agreement and Order digitally, and email copies of signatures shall have the same force and effect as original signatures.

14. Citibank's entry into this Protective Agreement and Order shall not be deemed a waiver of any of its objections or defenses to the Subpoena or to any subsequent subpoena that Petitioner may serve on Citibank in the Action or in any Judgment Enforcement Proceedings.

15. Within 30 days of the final disposition of the Action and all Judgment Enforcement Proceedings, all "Confidential Information" and all copies thereof, shall be promptly returned to Citibank or destroyed.

DATED: March 5, 2025
New York, New York

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By: */s/ Gregg Badichek*
Dennis H. Hranitzky (Bar No. NY0117)
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, UT 84121
801-505-7300 Main Office Number
801-515-7400 FAX

Debra O'Gorman (Bar No. NY0499)
295 Fifth Ave, 9th Floor
New York, NY 10016
212-849-7000 Main Office Number
212-849-7100 FAX

Gregg Badichek (Bar No. 90011157)
1300 I Street, NW, Suite 900
Washington, DC 20005
202-538-8000 Main Office Number
202-538-8100 FAX

*Counsel for Petitioner Crescent Petroleum Corporation International Limited and Crescent Gas Corporation Limited*


SO ORDERED

March 11, 2025                                    _____
                                                  JIA M. COBB
                                                  United States District Judge

7

<u>EXHIBIT A</u>

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I have been informed that on or about _____, 2025, the United States District Court for the District of Columbia entered a Protective Agreement and Order (the "Protective Agreement and Order") in the litigation entitled *Cresecent Petroleum Company International Limited v. National Oil Company*, Case No. 1:22-cv-01361 (D.D.C.). I have read the Protective Agreement and Order and agree to abide by its obligations as they apply to me. I will hold in confidence, and not disclose to anyone not qualified under the Protective Agreement and Order, any Confidential Information, as defined in the Protective Order, or any words, summaries, abstracts or indices of the Confidential Information disclosed to me. I voluntarily submit to the jurisdiction of the United States District Court for the District of Columbia for purposes of any proceeding related to the Protective Agreement and Order, including my receipt or review of information that has been designated as "Confidential Information." The undersigned acknowledges that his or her duties under the Protective Agreement and Order shall survive the termination of this case and are permanently binding, and that the failure to comply with the terms of the Protective Agreement and Order may result in a court's imposition of sanctions.

Date: _____

Printed name: _____

Signature: _____