# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CRESCENT PETROLEUM CORPORATION, INTERNATIONAL LIMITED AND CRESCENT GAS CORPORATION LIMITED<br><br>Petitioner,<br><br>v.<br><br>NATIONAL IRANIAN OIL COMPANY,<br><br>Respondent. | Civil Action No.: 1:22-01361-JMC<br><br>PROTECTIVE AGREEMENT AND ORDER |

WHEREAS, Petitioner Crescent Petroleum Corporation International Limited and Crescent Gas Corporation Limited ("Petitioner") served a subpoena duces tecum (the "Subpoena") on non-party Wells Fargo Bank, N.A. ("Wells Fargo") in this action (the "Action"); and

WHEREAS, the Subpoena calls for the production of documents in Wells Fargo's possession containing information that includes confidential information; and

WHEREAS, compliance with the Subpoena will take place in New York;

IT IS HEREBY STIPULATED AND AGREED by and between Petitioner and Wells Fargo, by and through their respective undersigned counsel, as follows:

1.  This Protective Agreement and Order applies to "Confidential Information," as defined below, produced or otherwise disclosed by Wells Fargo to Petitioner in response to the Subpoena and to any future subpoena that Petitioner may serve on Wells Fargo in connection with the Action.

2.    The term "Confidential Information" as used in this Protective Agreement and Order means any record, spreadsheet, or other document produced by Wells Fargo in response to the Subpoena that Wells Fargo, after reviewing such record, spreadsheet or other document, reasonably and in good faith believe constitutes or reveals: (i) confidential trade secrets, proprietary business information, non-public personal, client, or customer information concerning individuals or other entities or items; or (ii) information protected from disclosure by any relevant federal, state or foreign data-protection laws. "Confidential Information" as used in this Protective Agreement and Order shall not include information derived exclusively from any public source, regardless of whether such information is duplicative of the information contained in the documents produced by Wells Fargo. Wells Fargo may designate any such record, spreadsheet, or other document for protection under the terms of this Protective Agreement and Order by affixing the term "CONFIDENTIAL" to each page that contains confidential material.

3.    If Petitioner contends that materials designated by Wells Fargo should not be deemed Confidential Information under this Protective Agreement and Order, it shall notify Wells Fargo of its position within 14 days from the receipt of such designation. Upon Wells Fargo's receipt of such notification, Petitioner and Wells Fargo shall meet and confer within seven days to attempt to resolve the dispute by agreement. If Petitioner and Wells Fargo are unable to resolve the dispute by agreement, they shall proceed under Rule 45 of the Federal Rules of Civil Procedure.

4.    Petitioner shall not use or disclose the Confidential Information for any purpose other than (i) in proceedings to enforce Petitioner's Order and Judgment, or any amendment thereto, entered on April 30, 2024 against Respondent National Iranian Oil Company in the Action (the "Judgment"); (ii) in garnishment, execution or similar

proceedings that Petitioner may commence in the future to enforce the Judgment; or (iii) in any appeals of the foregoing proceedings (collectively, the "Judgment Enforcement Proceedings").

5.  Any person that intends to file Confidential Discovery Material in the Action or in relation to Judgment Enforcement Proceedings shall make a reasonable effort to prevent the Confidential Information from becoming part of the public record, including, without limitation, requesting that the Confidential Information be filed under seal. If the Court denies leave to file under seal or if such mechanism is not available in the Judgment Enforcement Proceedings, a person must redact from a public filing all Confidential Information that is not material to the purpose for which the document is filed. All persons seeking to file documents under seal with the Court shall follow the applicable Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Courts. All persons producing Confidential Information are deemed to be on notice that United States Courts of Appeals put limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Information submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption a court will agree that Confidential Information may be filed with the Court under seal. Petitioner and Wells Fargo will use their best efforts to minimize such sealing.

6.  Nothing in this Confidentiality Agreement will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any

government agency having jurisdiction; provided, however, that such person receiving a request will provide written notice to the producing person at least 10 days before any disclosure or otherwise with as many days' notice as is permitted by the time allowed under the request. Upon receiving such notice, Wells Fargo shall have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

7. Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action and any Judgment Enforcement Proceedings:

   a. Counsel who represent parties in the Action and Judgment Enforcement Proceedings, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Protective Agreement and Order, but only after such counsel have agreed to be bound by this Protective Agreement and Order;

   b. Experts or consultants assisting counsel for those parties in the Action or any Judgment Enforcement Proceedings, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 8 below;

   c. Potential, anticipated and actual witnesses, and their counsel, in the Action or any Judgment Enforcement Proceedings, but only after such witnesses have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 8 below;

      d.      The Court in the Action and the court in any Judgment Enforcement Proceedings; and

      e.      Court reporters employed in connection with the Action or any Judgment Enforcement Proceedings.

8. Before counsel may show or disclose Confidential Information pursuant to Section 7 to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Protective Agreement and Order and must sign the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order. Any disclosure of Confidential Information to witnesses, experts or consultants pursuant to Section 7 must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action or any Judgment Enforcement Proceedings.

9. The inadvertent disclosure by Wells Fargo of any document or information subject to a claim of attorney-client privilege, attorney work-product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim, and Wells Fargo shall have the right to have the document or information returned to its counsel. Nor shall this Protective Agreement and Order be construed as requiring Wells Fargo, or its parent company or any of its branches or subsidiaries, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of any such law shall not be considered a waiver of Wells Fargo's right to assert the privilege or other ground on which the document(s) or information in question should not have been disclosed, or of its right to a return of the document(s) or information.

10. The obligations under this Protective Agreement and Order shall survive the termination of the Action and of any Judgment Enforcement Proceedings and shall continue

to bind Petitioner, Wells Fargo, and the parties to whom Confidential Information is disclosed and who become bound by this Protective Agreement and Order.

11. This Protective Agreement and Order shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York without giving effect to New York's conflict-of-law principles. Any motion or proceeding related in any way to this Protective Agreement and Order, or to any dispute as to Wells Fargo's compliance with the Subpoena, shall be brought in the United States District Court for the Southern District of New York. The parties hereby irrevocably and unconditionally waive the right to contest personal jurisdiction or venue in the Southern District of New York

12. Upon execution by the parties' respective counsel, and before being so-ordered by the Court, this Protective Agreement and Order shall be binding upon the parties and shall be deemed to have the same effect as a court order.

13. The parties may sign this Protective Agreement and Order digitally, and email copies of signatures shall have the same force and effect as original signatures.

14. Wells Fargo's entry into this Protective Agreement and Order shall not be deemed a waiver of any of its objections or defenses to the Subpoena or to any subsequent subpoena that Petitioner may serve on Wells Fargo in the Action or in any Judgment Enforcement Proceedings.

DATED: March 13, 2025
New York, New York

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | MAYER BROWN LLP |
| By: */s/ Gregg Badichek* | By: */s/ Alex C. Lakatos* |
| Dennis H. Hranitzky (Bar No. NY0117) | Alex C. Lakatos |
| 2755 E. Cottonwood Parkway, Suite 430 | 1999 K Street, NW |
| Salt Lake City, UT 84121 | Washington, DC 20006 |
| 801-505-7300 Main Office Number | (202) 263-3000 |
| 801-515-7400 FAX | alakatos@mayerbrown.com |
| | |
| Debra O'Gorman (Bar No. NY0499) | *Counsel for Non-Party Wells Fargo Bank, N.A.* |
| 51 Madison Avenue, 22nd Floor | |
| New York, NY 10010 | |
| 212-849-7000 Main Office Number | |
| 212-849-7100 FAX | |
| | |
| Gregg Badichek (Bar No. 90011157) | |
| 1300 I Street, NW, Suite 900 | |
| Washington, DC 20005 | |
| 202-538-8000 Main Office Number | |
| 202-538-8100 FAX | |
| | |
| *Counsel for Petitioner Crescent Petroleum Corporation and International Limited and Crescent Gas Corporation Limited* | |

SO ORDERED

March 18, 2025

_____
JIA M. COBB
United States District Judge

<u>EXHIBIT A</u>

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I have been informed that on or about _____, 2025, the United States District Court for the District of Columbia entered a Protective Agreement and Order (the "Protective Agreement and Order") in the litigation entitled *Cresecent Petroleum Company International Limited v. National Oil Company*, Case No. 1:22-cv-01361 (D.D.C.). I have read the Protective Agreement and Order and agree to abide by its obligations as they apply to me. I will hold in confidence, and not disclose to anyone not qualified under the Protective Agreement and Order, any Confidential Information, as defined in the Protective Order, or any words, summaries, abstracts or indices of the Confidential Information disclosed to me. I voluntarily submit to the jurisdiction of the United States District Court for the District of Columbia for purposes of any proceeding related to the Protective Agreement and Order, including my receipt or review of information that has been designated as "Confidential Information." The undersigned acknowledges that his or her duties under the Protective Agreement and Order shall survive the termination of this case and are permanently binding, and that the failure to comply with the terms of the Protective Agreement and Order may result in a court's imposition of sanctions.

Date: _____

Printed name: _____

Signature: _____